# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHERIE SANCHEZ**                                      **CIVIL ACTION NO.**

**VERSUS**                                                    **21-37-SDD-EWD**

**PEMCO MUTUAL INSURANCE
COMPANY, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Cherie Sanchez ("Plaintiff") as a result of a motor vehicle collision that occurred on or about January 16, 2020.[1] Specifically, Plaintiff claims that she was injured when a vehicle driven by William Tanner ("Tanner") attempted an "unprotected left-hand turn" and "crashed into [Plaintiff's] vehicle."[2] Plaintiff also claims that Tanner, and/or the vehicle he was driving, was insured by PEMCO Mutual Insurance Company ("PEMCO") at the time of the collision.[3] On December 18, 2020, Plaintiff filed a Petition for Damages ("Petition") against Tanner, PEMCO, and her uninsured/underinsured motorist ("UM") insurer, Allstate Property and Casualty Insurance Company ("Allstate"),[4] in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[5] PEMCO removed the matter on January 15, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[6]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] R. Doc. 1-2, ¶¶ 2-7.
[2] *Id*.
[3] *Id*. at ¶ 8.
[4] *Id*. at ¶ 10. Tanner, PEMCO, and Allstate are collectively referred to as "Defendants."
[5] *Id*.
[6] R. Doc. 1, ¶ 4.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

While it appears from the Notice of Removal that complete diversity of citizenship exists,[7] it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[8] The Petition alleges that Plaintiff sustained "personal injuries and property damages" when Tanner's vehicle "crashed" into her vehicle.[9] Plaintiff seeks to recover the following: "past, present, and future" damages: "(a) physical and mental pain, suffering and anguish; (b) physical disability and/or impairment of functions and activities; (c) loss of income and/or loss of earning capacity; (d) loss of enjoyment of life; and (e) property damage."[10] Plaintiff also seeks to recover all "medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses" that she has or will incur because of the collision with Tanner.[11]

In the Notice of Removal, PEMCO states that "the amount in controversy exceeds $75,000 requirement" based on (1) Plaintiff's injuries and damages allegations; (2) information about Plaintiff's injuries contained in e-mails from Plaintiff, including the fact that Plaintiff purportedly suffered a "broken hip" and "separated ribs," "totaled" her car in the collision, and has incurred

---

[7] Per the Notice of Removal, PEMCO alleges (1) the Plaintiff is a "citizen and domiciliary of Louisiana"; (2) that Tanner is a "citizen and domiciliary of Washington"; (3) that, under 28 U.S.C. § 1332(c)(1), PEMCO is a Washington citizen because it is an insurance corporation incorporated in Washington, with its principal place of business in Washington, and whose insured is a citizen of Washington; and (4) that, under 28 U.S.C. § 1332(c)(1), Allstate is an Illinois citizen because it is in an insurance corporation incorporated in Illinois, with its principal place of business in Illinois, and who, as Plaintiff's UM insurer does not take on Plaintiff's citizenship under § 1332(c)(1) and related case law. R. Doc. 1, ¶¶ 6-9. These allegations are sufficient to establish citizenship for diversity purposes. *See, e.g., Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Accordingly, all named parties are completely diverse, as Plaintiff is a citizen of Louisiana and Defendants are citizens of Washington and Illinois.

[8] *See* 28 U.S.C. § 1332(a).

[9] R. Doc. 1-2, ¶¶ 2-8.

[10] *Id*. at ¶ 6.

[11] *Id*. at ¶ 7.

about $6,500 in medical and other expenses to date; and (3) Plaintiff's failure to include a Louisiana Civil Code article 893 allegation in her Petition and her "refus[al] to enter into an agreement stipulating to damages less than $75,000."[12]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, although Plaintiff's allegations of a "broken hip," "separated ribs," and "disability"[13] seem serious, the accident occurred in January 2020 and Plaintiff has only incurred about $6,500 in medical and other expenses as of the time the case was removed in January 2021. These relatively limited expenses over an extended time suggest her damages may not likely exceed $75,000. Additionally, vague allegations of "personal injuries and property damage," along with demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish, physical disability and/or impairment of functions and activities, loss of income and/or loss of earning capacity, loss of enjoyment of life, medical expenses, etc.)[14] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[15]

Additionally, PEMCO has not provided details of the specific injuries suffered by Plaintiff (other than a "broken hip" and "separated ribs"), the nature of Plaintiff's medical treatment, Plaintiff's prognosis or recommended future treatment, the nature and extent of any purported

---

[12] R. Doc. 1, ¶¶ 11-18.
[13] *Id*. at ¶¶ 12-13.
[14] R. Doc. 1-2, ¶¶ 6-7.
[15] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited there.

"disability" or "impaired functions and/or activities," the limits of either PEMCO's or Allstate's respective insurance policies,[16] the extent of damage to or the value of Plaintiff's vehicle (which is alleged to be "totaled") or whether Plaintiff is working/can work. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

PEMCO also attempts to show that the amount in controversy is satisfied by Plaintiff's failure to include a Louisiana Civil Code article 893 allegation in her Petition and her refusal to stipulate that her damages are below $75,000.[17] While Plaintiff's failure to include an Article 893 statement regarding damages may be considered,[18] it is not determinative of whether the amount in controversy is met.[19] Likewise, a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in controversy.[20] Further, no evidence

---

[16] Although the Plaintiff alleges in the Petition that her damages exceed the limits of liability coverage (R. Doc. 1-2, ¶ 9), there is no information in the Petition or in the Notice of Removal to indicate what the limits are of the liability policy.

[17] R. Doc. 1, ¶¶ 16-17.

[18] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.,* No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'"). *See also Chambers Med. Found. v. Chambers,* No. 05-786, 2006 WL 1895479, at *2, n. 3 (W.D. La. Jan. 23, 2006) (failure to assert whether the federal amount in controversy requirement is satisfied as required by article 893(A)(1) 'creates a 'strong presumption' in favor of jurisdiction'). Accordingly, the Court will give some weight to Plaintiff's failure to follow Article 893(a)(1)'s mandate but does not find that failure to be determinative of whether the amount in controversy is satisfied.

[19] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g., Weber,* 2007 WL 4441261, *4 (omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.)

[20] *See, e.g., Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.,* No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.,* No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.,* No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').")

Case 3:21-cv-00037-SDD-EWD     Document 8     03/12/21     Page 5 of 5

regarding Plaintiff's "refusal" to stipulate has been submitted for consideration by the Court.[21] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that **by no later than March 22, 2021**, PEMCO shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that **by no later than April 1, 2021**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that PEMCO established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 12, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Summary judgment-type evidence is required when the amount in controversy is not facially apparent from the Petition. *See, e.g, Richardson v. Marriott International, Inc.*, No. 19-11354, 2020 WL 730345, at *2 (E.D. La. Feb. 12, 2020).
[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").